240  PEOPLE ex rel. CENT. STAMPING CO. v. BARKER.

First Department, April Term, 1895.  [Vol. 86.

The People of the State of New York ex rel. The Central
Stamping Company, Respondent, v. Edward P. Barker and
Others, as Commissioners of Taxes and Assessments of the City
and County of New York, Appellants.

*Taxation — New York city — increasing, without notice, an assessment which has
been reduced — 1882, chap. 410, § 819.*

Where the commissioners of taxes and assessments for the city and county of
New York have, upon the application of a taxpayer, reduced the valuation of
its personal property, they have no power, by the terms of section 819 of the
Consolidation Act (Chap. 410 of 1882) relative to said city, thereafter to increase
the valuation except upon twenty days' notice to the person or corporation.

Appeal by Edward P. Barker and others, as commissioners of
taxes and assessments of the city and county of New York, from
an order, judgment or decree of the Supreme Court, entered in the
office of the clerk of the county of New York on the 2d day of Jan-
uary, 1895, adjudging that the proceedings of the appellants in
regard to the assessment for taxation for the year 1894 of the peti-
tioner herein upon its capital stock in increasing its assessment were
illegal, erroneous and void, reversing such action and adjudging that
its assessment be fixed at its former amount.

The relator on the second Monday of January, 1894, was assessed
upon its personal property upon a valuation of $500,000. Consider-
ing itself to be aggrieved thereby, the relator applied for a reduction,
which was granted and declared on March 5, 1894, the assessment
as reduced, being fixed at $221,153. The books of the commis-
sioners of assessment and taxation were closed on May 1, 1894.
Having reason to believe, from a return relating to taxation made
by the relator in the State of New Jersey, that its statements made
to the commissioners were false, the commissioners about or before
May 31, 1894, without notice to the relator, increased the assess-
ment to $357,468.13.

Section 819 of the Consolidation Act (Laws of 1882, chap. 410)
is as follows: " The commissioners may, at any time before the
second day of April in each year, increase or may diminish, at any
time before the closing of the books of annual record on the first
day of May in each year, the assessed valuation of any real or per-

sonal estate in said city, as in their judgment may be necessary for the equalization of taxation, but they shall not increase such valuations after said books are open for correction and review except upon notice being given to the party affected by such increase twenty days before the closing of said books."

*David J. Dean,* for the appellants.

*Charles H. Beckett* and *Henry M. Ward,* for the respondent.

PER CURIAM:

It is conceded that after the assessment books were opened for correction and review the relator applied for a reduction of the assessment made against it, which was granted by the tax commissioners and the assessment reduced from $500,000 to $221,153. Subsequently, and without notice, and upon evidence satisfactory to them, the assessment was increased to $357,468.13.

This we think was error, because, having corrected the assessment, they were without authority to thereafter increase it except upon twenty days' notice to the relator. (Chap. 410, Laws of 1882, § 819.)

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.