THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMERICAN EXCHANGE NATIONAL BANK, Appellant, *v.* LAWSON PURDY et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

**Tax — invalid assessment under special statute — remedy of taxpayer who has paid tax levied under invalid assessment.**

Chapter 74 of the Laws of 1909 is valid, not as a curative statute in the ordinary sense, validating a purported assessment as then existing by dispensing with some step theretofore required but not jurisdictional, but is valid as providing for taking necessary and jurisdictional steps at a later stage than usual in the assessment proceeding, and by which steps, when taken, there might be secured for the first time a completed and valid assessment. This is the rule as laid down on the former appeal in this action (196 N. Y. 270).

Relator having paid its taxes under the coercion and duress of a purported assessment invalid in fact but claimed and appearing to be valid and enforceable, under ordinary circumstances would be entitled to have those taxes refunded with interest and without prior demand.

An assessment having been secured under the statute of 1909 and proceedings had thereunder, which is completed, valid and enforceable at the same amount as the original purported one, to avoid the circuitous process of paying to relator the principal and interest of the taxes paid under the purported one, and of compelling payment forthwith by it of the principal sum in satisfaction of the last assessment, the relator may have refunded to it simply the interest on the taxes paid, running from the date of payment to the date when the assessment was completed.

*People ex rel. American Ex. Nat. Bank* v. *Purdy,* 137 App. Div. 922, reversed.

(Argued April 27, 1910; decided June 7, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March

18, 1910, which affirmed an order of Special Term dismissing a certiorari proceeding instituted for the purpose of having reviewed and declared illegal an assessment upon relator's capital stock and of having taxes which had been paid on said assessment refunded.

The facts, so far as material, are stated in the opinion.

*J. Culbert Palmer* and *Edwin L. Kalish* for appellant. Relator has been wrongfully deprived of its property and its right to a recovery is vested, but the assessment of 1907 is still a bar thereto and that assessment should be canceled, the reassessment or completed assessment of 1909 recognized in diminution of the amount of the recovery and the proper refund, namely, the interest on the amount extorted from the time of payment to the time of reassessment or of completion of the assessment, ordered in this proceeding under the statute. (*Trowbridge* v. *Horan*, 78 N. Y. 444; *Ætna Ins. Co.* v. *Mayor, etc.*, 153 N. Y. 331; *Erskine* v. *Van Arsdale*, 15 Wall. 77; *Douglass* v. *Supervisors*, 172 N. Y. 314; *Dash* v. *Van Kleeck*, 7 Johns. 505; *Cromwell* v. *MacLean*, 123 N. Y. 474; *Williams* v. *Supervisors*, 122 U. S. 154; *Lennon* v. *Mayor, etc.*, 55 N. Y. 367.)

*Herman Goldman* for intervening banks. The relators are entitled to interest upon the principal of the taxes, payment of which was forced long before the city had a right thereto. (*State* v. *Mayor, etc.*, 37 N. J. L. 39.)

*John O. Heald* and *John R. Halsey* for intervening savings banks.

*Archibald R. Watson*, Corporation Counsel (*William H. King* of counsel), for respondents. The assessments have now been completed in the original amounts and the defect of prior failure to give notice and hearing cured by compliance with the requirements of chapter 74, Laws of 1909, as shown by the facts stated in the supplemental return, conceded by stipulation to be true and including ample notice

and hearing given, and hence, under the prior decision herein (196 N. Y. 270) sustaining the validity of said act and permitting application for leave to file such supplemental return, the assessments should not be canceled for prior failure to give notice and hearing, and as no reason exists for canceling the assessments, the writ and proceeding were properly dismissed. (*People ex rel. B. S. Bank* v. *Feitner*, 191 N. Y. 88.) Interest cannot be recovered herein by the relator. (L. 1896, ch. 908, §§ 293, 296.)

HISCOCK, J.   This appeal is a second one by the relator and presents a supplemental chapter in the history of the proceedings instituted by it, thus far unsuccessfully, for the purpose of having reviewed and declared illegal an assessment of its capital stock for the year 1907, and of having refunded the taxes paid on said assessment, on the ground, amongst others, that no notice of said assessment or opportunity to be heard in relation thereto were given.

Since the contest on the present appeal largely has to do with the force of facts introduced into the record since the former appeal (196 N. Y. 270), interpreted in the light of what was then held, it will be best briefly to recapitulate some of the things then decided as a convenient and controlling introduction to and basis for what will now be written.

We determined, in effect, that the purported assessment complained of was invalid because of lack of notice and opportunity to be heard, but that the act passed after this proceeding was instituted (Laws of 1909, chap. 74), which, amongst other things, provided for notice of said assessment and opportunity to be heard in relation thereto, and for any proper action by the commissioners of taxes and assessments as the result of such hearing, was a valid statute providing for the completion of the original imperfect assessment, or for a reassessment. But we further held that the mere passage of the act did not validate the assessment, because it required things to be done under it, and the record then present not

showing what steps, if any, had been in fact taken by the tax officials, it was erroneous for the courts below to dismiss the proceeding, and it would be dangerous for us to reverse such disposition and attempt to fix the final rights of the parties, and we, therefore, directed that the proceeding should be remitted for supplemental return, wherein might be set forth and whereunder might be established what was in fact done under and in pursuance of the statutory provisions above referred to.

Our directions have been followed and a supplemental return has been filed and hearings had thereunder, whereby it now appears that the provisions of said statute were carried out and notice given of the proposed assessment of relator's stock, and an opportunity offered to it to be heard in relation thereto, but that no modification of said original purported assessment was made as the result of such hearing, but the same was allowed to stand at the amount first fixed. On these facts the courts below have again dismissed relator's writ on the ground that the statute and the proceedings thereunder had cured the defects in and validated the assessment as first laid, and that it was, therefore, entitled to no relief, and the specific question argued on this appeal is whether the statute was an ordinary curative one legalizing an assessment as of the date when it was originally laid, or whether it was one which in effect provided that when certain steps had been taken there should then, and for the first time by completion or reassessment, be a valid enforceable assessment.

I do not regard this question really as an open one after our former decision. There certainly is no doubt of the answer which must be made to it under that decision. Without repeating what he said, Judge Vann considered the different kinds of remedial tax legislation, and made it clear that the statute under discussion was valid not as a curative one in the ordinary sense, validating a purported assessment as then existing by dispensing with some step theretofore required but not jurisdictional, but was valid as providing for taking necessary and jurisdictional steps at a later stage than usual in the

assessment proceeding, and by which steps when taken there might be secured for the first time a completed and valid assessment.

Nothing need be added to what he wrote on this subject, and it follows as a necessary corollary to those views that the purported assessment on which relator paid its taxes not only was not valid when these proceedings were commenced, but that as it then laid it has never been made valid.

It has been made the basis or starting point on or from which by prescribed additional and jurisdictional steps which we held valid there has been built up a completed assessment or reassessment on or under which when so completed relator could be compelled to pay its taxes. From this, it still further follows that relator having paid its taxes under the coercion and duress of a purported assessment invalid in fact but claimed and appearing to be valid and enforceable under ordinary circumstances, would be entitled to have those taxes refunded with interest and without prior demand. (*Ætna Ins. Co.* v. *Mayor, etc., of N. Y.*, 153 N. Y., 331, 341 ; *Bruecher* v. *Village of Port Chester*, 101 N. Y. 240.)

But under the statute and proceedings referred to there has been secured in the meantime an assessment which is completed, valid and enforceable at the same amount as the original purported one, and if the relator should be allowed to collect the principal and interest of the taxes paid, it would be compelled forthwith to pay back the principal sum in satisfaction of such last assessment. Appreciating and being willing to avoid this circuitous process, the appellant contents itself with urging that there shall be refunded to it simply the interest on the taxes paid and to this, running from the date of payment to the date when the assessment was completed, I think it is entitled. This result is not only the logical one flowing from our decision, but is equitable. If payment of the taxes had not been made, but enforcement thereof had been sought after completion of proceedings under the statute of 1909, it is very clear that no interest could have been collected as a penalty for non-payment under the invalid assessment,

and it would be unjust to allow the city, which has secured payment of taxes under the duress of an invalid assessment, to take advantage of its wrong by retaining interest on the sum collected during the period when its collection was illegal.

While the facts in this proceeding have developed along unusual lines, and, therefore, do not come with perfect nicety within the provisions of the Tax Law providing for relief from the ordinary invalid assessment, which is simply and absolutely vacated as a basis for refunding any taxes paid, I think that the same still are broad enough to include this case and afford the relief suggested on the theories argued and adopted by counsel.

Other questions than the one discussed have been argued by counsel on the one side relating to the validity of the assessment and on the other relating to the right of relator to maintain this proceeding, but these have been so fully determined on the prior appeal in this proceeding, and in *People ex rel. Bridgeport Savings Bank* v. *Feitner* (191 N. Y. 88), that it is unnecessary to consider them again.

The orders of the courts below should be reversed, without costs to either party, and the matter remitted to the Special Term for action in accordance herewith.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur.

Orders reversed, etc.