THE PEOPLE OF THE STATE OF NEW YORK ex rel. MERCHANTS' NATIONAL BANK, Respondent, *v.* LAWSON PURDY et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

Appeal — Court of Appeals has no jurisdiction to review action of Supreme Court on question of laches.

The Court of Appeals has no jurisdiction to review a reversal by the Appellate Division of an order of Special Term, dismissing, on the ground of laches, a writ of certiorari to review an assessment for taxation, since discretion to pass upon the question of laches rests in both branches of the Supreme Court.

*People ex rel. Merchants' Nat. Bank* v. *Purdy,* 143 App. Div. 277, affirmed.

(Argued May 29, 1911; decided June 13, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 1, 1911, which reversed an order of Special Term dismissing a writ of certiorari to review certain assessments for taxation.

*Archibald R. Watson, Corporation Counsel (William H. King* of counsel), for appellants.

*J. Culbert Palmer* and *Edwin L. Kalish* for respondent.

*Per Curiam.* The history of the taxation out of which this proceeding arises is fully set forth in *People ex rel. Bridgeport Savings Bank* v. *Feitner* (191 N. Y. 88); *People ex rel. Am. Ex. Nat. Bank* v. *Purdy* (196 N. Y. 270), and *People ex rel. Am. Ex. Nat. Bank* v. *Purdy*

(199 N. Y. 51), and for present purposes we need only refer to such of its phases as are specially pertinent to the proceeding at bar.

In the *Bridgeport* case we held that the taxing statute was valid, but that the assessing officers had not complied with it because they had given no notice of hearing and had refused to hear complaints based upon alleged grievances. This was an irregularity which affected all taxes upon the stock of the national banks levied in the city of New York in the years 1901 to 1907, inclusive. That case was decided in January, 1908.

In 1909 the legislature passed a curative act known as chapter 74, which became a law February 27th, 1909. This statute provided for the notice and hearing which had been omitted in the years referred to, and for a review by certiorari if instituted on or before October 31st, 1909.

In the case of *People ex rel. Am. Ex. Nat. Bank* v. *Purdy* (196 N. Y. 270) it was held that the statute of 1909 was valid except in so far as it purported to deprive the courts of jurisdiction or power to give relief in proceedings pending when the act went into effect. It was further held in that case that, although the period of limitation prescribed by the Tax Law within which applications must be made for writs of certiorari was not set in motion until notice had been given by posting and publication that the completed tax roll had been filed, the Supreme Court might in the exercise of its discretion in cases of long delay dismiss such writs on account of laches. For the purpose of emphasizing that feature of our decision we write this short memorandum. Every other question involved in the proceeding at bar has been disposed of in *People ex rel. Am. Ex. Nat. Bank* v. *Purdy* (199 N. Y. 51).

In the case last cited we held that under our previous decisions the relator would logically be entitled to recover back the taxes irregularly assessed against it for the years 1901 to 1907, inclusive, together with interest, but, since the irregularities in the assessment had been cured by the proceedings taken under the statute of 1909 and the

amount of the taxes had not been changed, it was further held that actual repayment of the taxes would result in unnecessary circumlocution because the same amounts could again at once be collected from the relator. In this situation it was deemed best to leave the taxes where they were, and remit the relator to its remedy for the recovery simply of the interest. It is for the recovery of this interest that the present proceeding was instituted.

At Special Term the Supreme Court affirmed the action of the tax commissioners in refusing to cancel the assessments for the years 1901 to 1907, inclusive, and the writ was dismissed upon the ground "that the relator is precluded by its laches in failing in due time to institute certiorari proceedings to review the assessments made in 1901 to 1907, inclusive, from obtaining any relief as to those assessments." Had the learned Appellate Division taken the same view and affirmed the order of the Special Term we would have had no right to disturb its decision. We are equally without power to disturb the decision of the Appellate Division to the contrary, for the discretion to pass upon the question of laches rests in both branches of the Supreme Court. We must, therefore, affirm the order herein, but in doing so we call attention to the fact that, notwithstanding the act of 1909, the relator, and all others similarly situated, might have invoked the usual common-law certiorari at any time from the period of 1901 to 1907 and thus have obtained the necessary relief. The statute of 1909, in which there is a provision for what may be called a statutory certiorari, in no way affects any pre-existing right to the so-called common-law writ in behalf of any party aggrieved by the taxation above mentioned.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Order affirmed, with costs.