PEOPLE ex rel. TOWN OF HEMPSTEAD et al. v. STATE BOARD OF TAX COM'RS et al.

(Supreme Court, Appellate Division, Third Department. November 25, 1914.)

1. TAXATION (§ 450*)—EQUALIZATION—REVIEW BY CERTIORARI—MANDATE.

Under Code Civ. Proc. § 2141, providing, relative to the writ of certiorari to review the determination of an inferior tribunal, that the court upon the hearing may make a final order annulling or confirming, wholly or partly, the determination reviewed, and Tax Law (Consol. Laws, c. 60) § 177, providing, relative to appeals to the state board of tax commissioners from the equalization of assessments by a

board of supervisors, that the board of tax commissioners shall certify their determination to the board of supervisors, and that such determination shall be carried into effect by the board of supervisors at its next annual session, on certiorari to review a determination of the state board of tax commissioners, dismissing an appeal by one of the towns in a county from an equalization by the board of supervisors, the Appellate Division, having determined that the equalization was erroneous, had power to modify the determination of the board ·of tax ·commissioners and direct the determination which the board should have directed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 800–804; Dec. Dig. § 450.*]

2. TAXATION (§ 450*)—EQUALIZATION—REVIEW BY CERTIORARI—MANDATE.

Where, on certiorari by one of the towns in a county to review the determination of the state board of tax commissioners, dismissing an appeal from an equalization of assessments by a board of supervisors, it was determined that the equalization was erroneous, the mandate would require the board of supervisors at its next annual session to levy upon the other towns of the county such sum as would make full restitution to the relator for the excess of taxes collected on its property, with interest.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 800–804; Dec. Dig. § 450.*]

3. TAXATION (§ 450*)—EQUALIZATION—ERRONEOUS EQUALIZATION—CREDITING TAXES COLLECTED.

Of the taxes collected upon an assessment after a determination by the Appellate Division that the equalization of assessments was erroneous, and that one of the towns of the county would thereby be required to pay more than its share of the taxes, such part as represented this excess should be credited by the county treasurer to such town.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 800–804; Dec. Dig. § 450.*]

On motion for settlement of order and for judgment of restitution. Order in accordance with the opinion.

For former opinion, annulling the determination of the State Board of Tax Commissioners, see 163 App. Div. 803, 149 N. Y. Supp. 239.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Alfred T. Davison, of Brooklyn, for relators.

James L. Dowsey, of New York City, for respondent Town of North Hempstead.

Uterhart & Graham, of New York City, for respondent Town of Oyster Bay.

James R. Parsons, Atty. Gen., for State Board of Tax Com'rs.

PER CURIAM.   [1-3] We are of opinion that this court has power, under section 2141 of the Code of Civil Procedure, to modify the determination of the state board of tax commissioners and direct the determination which that board should have directed.   It cannot be known to the court the exact amount of excess taxes which have in fact been collected.   The order of this court should therefore remit to the board ·of supervisors of Nassau county the percentage at which the assessed value of the real property in the town of Hempstead bore to its full value, and under section 177 of the Tax Law the board of supervisors is required to carry into effect this determination.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This mandate requires the board at its next annual session to levy upon the towns of North Hempstead and Oyster Bay such sum as will make full restitution to the town of Hempstead for the excess of taxes which have been collected, with interest from the 19th day of July, 1912. People ex rel. Am. Ex. Nat. Bank v. Purdy, 199 N. Y. 51, 92 N. E. 232. Of the taxes hereafter collected upon the assessment of 1911, such part thereof as represents such excess must be credited by the county treasurer to the town of Hempstead.

The $3,000, ordered paid by the town of Hempstead, should be paid to the attorney of appellant herein, and is to be collected from the towns of North Hempstead and Oyster Bay.

The order may be settled before SMITH, P. J.