THE SECOND NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Tax — failure of assessing board to take a necessary and jurisdictional step in making an assessment — when taxpayer not required to apply to assessors for relief from such invalid assessment — when action may be maintained to recover tax paid under such assessment — payment by check — Statute of Limitations.

1. A taxpayer paying taxes under an apparently valid but actually void assessment may, by action, recover such payment as made under duress, and an action may be maintained by a bank to recover invalid taxes assessed against it on account of its capital stock.

2. Where, in making assessments for the years 1904 to 1907, inclusive, against a national bank on account of the shares of its capital stock held by its stockholders, the commissioners of taxes and assessments of the city of New York failed to publish notice of the completion of such assessments and afford the bank an opportunity to be heard in respect thereof, such omission of the commissioners resulted in a failure to take a necessary and jurisdictional step and the purported assessment as originally laid without taking this step was void. The bank, therefore, was not required to apply to the commissioners for relief under the provisions of the statute (L. 1909, ch. 74) and for the review by certiorari of any determination of the board on such hearing. (*People ex rel. Am. Exchange Nat. Bank* v. *Purdy*, 199 N. Y. 51, followed.)

3. Where the receiver of taxes of a city accepted in payment of taxes a check drawn by the taxpayer, which was indorsed by the city and deposited with its bank and credited to its bank account, this transaction amounts to a transfer of the check, although it was

not presented to the taxpayer's bank until the following day. Where an action to recover the taxes so paid, as void, was not commenced until six years and one day after the delivery of said check to the receiver of taxes, the action is barred by the Statute of Limitations, and the contention that the payment was not made as of the date when the check was delivered and accepted as payment in untenable.

*Second Nat. Bank* v. *City of New York,* 160 App. Div. 491, modified.

(Argued November 18, 1914; decided January 12, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 12, 1914, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Garver* and *Chauncey B. Garvey* for appellant. The appellant can maintain this action. (*Matter of First Nat. Bank,* 182 N. Y. 460; *People ex rel. A. E. Nat. Bank* v. *Purdy,* 196 N. Y. 270.) Payment of the tax was not voluntary. (*People ex rel. A. E. Nat. Bank* v. *Purdy,* 196 N. Y. 270; 199 N. Y. 51.) Plaintiff is entitled to recover if the assessments were void on account of a jurisdictional defect. (*Bruecher* v. *Village of Portchester,* 101 N. Y. 240; *Jex* v. *Mayor, etc., of New York,* 103 N. Y. 536; *Miller* v. *City of Amsterdam,* 149 N. Y. 288; *Ætna Insurance Co.* v. *Mayor,* 153 N. Y. 331; *Overing* v. *Foote,* 65 N. Y. 263; *People* v. *Hagadorn,* 104 N. Y. 516; *Shattuck* v. *Bascom,* 105 N. Y. 39; *Stebbins* v. *Kay,* 123 N. Y. 31; *Van Rensselaer* v. *Whitbeck,* 7 N. Y. 517; *Westfall* v. *Preston,* 49 N. Y. 349; *Bellinger* v. *Gray,* 51 N. Y. 610; *Jewell* v. *Van Steenburg,* 58 N. Y. 85.) Failure to give notice is a jurisdic-

tional defect, rendering the assessments void.   (Cooley on Taxation [3d ed.], 1464, 1468, 1471; *Davidson* v. *New Orleans,* 96 U. S. 97; *Hager* v. *Reclamation District,* 111 U. S. 701; *County of Santa Clara* v. *So. Pac. R. Co.,* 18 Fed. Rep. 385; *Stuart* v. *Palmer,* 74 N. Y. 183; *Matter of McPherson,* 104 N. Y. 306; *McLaughlin* v. *Miller,* 124 N. Y. 510; *People ex rel. Moller* v. *O'Donnel,* 183 N. Y. 9; *Ensign* v. *Barse,* 107 N. Y. 329; *Matter of Trustees of Union College,* 129 N. Y. 308; *People ex rel. Am. Ex. Nat. Bank* v. *Purdy,* 196 N. Y. 270.)

*Frank L. Polk, Corporation Counsel* (*William H. King* of counsel), for respondent.   The assessments were not void but irregular and voidable and the complaint was properly dismissed as the assessments which the plaintiff never questioned directly by certiorari proceedings were not open to collateral attack.   (*People ex rel. Am. Ex. Bank* v. *Purdy,* 196 N. Y. 276; *People ex rel. M. Nat. Bank* v. *Purdy,* 202 N. Y. 599; *U. S. Trust Co.* v. *Mayor, etc., of N. Y.,* 144 N. Y. 488; *City of New York* v. *Chase Talbot Co.,* 206 N. Y. 1; *Swift* v. *City of Poughkeepsie,* 37 N. Y. 511; *B. El. R. R. Co.* v. *City of Brooklyn,* 11 App. Div. 127; *Broderick* v. *City of Yonkers,* 22 App. Div. 448; *City* v. *Matthews,* 180 N. Y. 42; *Mer. Nat. Bank* v. *Mayor,* 172 N. Y. 35; *City* v. *Streeter,* 91 App. Div. 206; *Austen* v. *Westchester Tel. Co.,* 8 Misc. Rep. 11; *City* v. *Watts,* 40 Misc. Rep. 595.) The complaint was properly dismissed upon the further ground that the plaintiff having made no application respecting the assessments under chapter 74, Laws of 1909, the assessments were confirmed, and the act of 1909 was a statute of limitations.   (*Meigs* v. *Roberts,* 162 N. Y. 371; *People ex rel. Am. Ex. Bank* v. *Purdy,* 196 N. Y. 270.)   The unanimous decision of the Appellate Division that the 1904 taxes were paid over six years before the action was commenced, and hence any recovery was barred by the six-year Statute of Limitations, is

in accord with the stipulated facts. (*Brundage* v. *Vil. of Portchester*, 31 Hun, 129; 102 N. Y. 494; *Trimmer* v. *City of Rochester*, 30 N. Y. S. R. 703; *Hunter* v. *Wetsell*, 84 N. Y. 549; *Kelley* v. *Lawrence Bros.*, 78 App. Div. 484.)

HISCOCK, J. This action was brought to recover, with interest, taxes paid by appellant in the years 1904–1907, both inclusive, on purported assessments made against it on account of the shares of its capital stock held by its stockholders. The right thus to recover is based on the assertion that said assessments were void because of the failure of the commissioners of taxes and assessments to publish notice of the completion of said assessments and afford appellant an opportunity to be heard in respect thereof. The assessments are of the same class as those which were considered by us in *People ex rel. Bridgeport Savings Bank* v. *Feitner* (191 N. Y. 88); *People ex rel. American Exchange Nat. Bank* v. *Purdy* (196 N. Y. 270); *S. C.* (199 N. Y. 51), and *People ex rel. Merchants National Bank* v. *Purdy* (202 N. Y. 599).

There is no question that unless the effect was avoided in some manner such omissions rendered said purported assessments invalid, and by chapter 74 of the Laws of 1909 the legislature, for the purpose of remedying the difficulty, amongst other things, provided for an opportunity to banks which had thus been assessed to be heard concerning or in opposition to such assessments; for the review by certiorari of any determination of the board of taxing officers on such hearing, and that all assessments as to which no application for relief should be made under said act should be and they were "ratified and confirmed."

The appellant made no application to the taxing officers for relief under these provisions, taking the position that said original assessments were totally void, and that said

act did not contemplate relief through appearance before the commissioners from this fault but only relief in respect of such matters as would be ordinarily considered on "grievance day." On the trial it contented itself with asking for a recovery of the interest on the amounts which it had paid on the alleged void assessments from the respective dates of such payments until the date when the assessments were validated under the act of 1909. It took this course in accordance with what was said by this court in *People ex rel. American Exchange Nat. Bank* v. *Purdy* (199 N. Y. 51), where we pointed out that to allow a recovery in full of the amounts paid on the original assessments when a repayment of said amounts could then be compelled under the validated assessments would result in a circuitous and undesirable procedure and that full relief would be afforded to a taxpayer if it was allowed to recover interest merely on the taxes originally paid from the time when they were so paid to the date when it could be compelled to make payment under the validated assessments.

The trial court adopted the views urged by the appellant and allowed a recovery on the ground that the original purported assessments against it were void because of the omissions of the taxing officers already mentioned. The Appellate Division reversed this result, basing its reversal on the grounds now urged by respondent, *first*, that said omissions amounted only to irregularities which did not afford a basis for such an action as this, and, *second*, that the appellant should have sought relief by appearance before the commissioners in accordance with the provisions of the law of 1909 and by certiorari proceedings if dissatisfied with the determination of the board. In now urging upon us these views it is not claimed that at the time said purported assessments were made there was any other method securing to appellant the notice and opportunity to be heard which the assessing board failed to give or that this omission

has been remedied in any other manner than by the act of 1909.

It is so well settled that a taxpayer paying taxes under an apparently valid but actually void assessment may by action recover such payment as made under duress and that an action may be maintained by a bank to recover taxes assessed against it on account of its capital stock, that it is unnecessary to consider these questions anew. (*Bruecher* v. *Village of Port Chester*, 101 N. Y. 240; *People ex rel. Am. Ex. Nat. Bank* v. *Purdy*, 196 N. Y. 270; *Mercantile Nat. Bank* v. *Mayor, etc., of N. Y.* 172 N. Y. 35; *Matter of First Nat. Bank of Ossining*, 182 N. Y. 460.)

The fundamental, and, as I regard it, the decisive, question to be considered is whether the purported assessments originally made against the appellant were void or only irregular and voidable. If it should be determined that they were void such conclusion would I think dispose of the other argument made in behalf of the respondent that appellant should have sought its relief against such assessments by appearance and certiorari proceedings under the act of 1909 rather than by this action.

In the argument of the question whether said assessments were void or only voidable, both sides have sought support for their respective contentions in various expressions used by this court on prior appeals in cases of similar assessments to which reference has been made, and it will be necessary to make some reference to some of those opinions. Before doing this, however, it will be desirable briefly to consider what was the effect upon the assessments in question of the failure of the taxing officers to give persons assessed an opportunity to be heard as determined by earlier decisions in this state, because naturally the decisions made in the particular cases referred to must be deemed to have been so made in the light of the law as already established.

As I understand it, it is conceded by the respondent that if the statute under which the appellant was assessed had attempted to dispense with any notice of the assessment against it and opportunity to be heard, it would have been invalid, and any purported assessments thereunder would have been void and altogether unenforceable. This at least was what this court determined on the first of the series of appeals already referred to, but it was able to reach the conclusion that the general provisions of the Tax Law relating to a grievance day applied to such an assessment and that, therefore, the statute was not invalid. (*People ex rel. Bridgeport Savings Bank* v. *Feitner*, 191 N. Y. 88.)

It is, however, urged that if a taxing statute is valid in the respects mentioned and the failure to give to the taxpayer proper notice of a proposed assessment and opportunity to be heard is due to the fault of the assessors rather than to a defect of the statute, such omission is not jurisdictional and only works an irregularity and does not render the assessment void. I do not find that such a distinction is sustained by earlier decisions. As a practical question if it is necessary to give a taxpayer notice of a proposed assessment with an opportunity to be heard concerning the same before a valid tax can be laid on which his property can be taken away from him, it would not seem to make any particular difference whether a failure to do this was due to defects in the statute or to omissions on the part of those who were attempting to carry it out. In either case there would seem to result the same attempted assessment without performance of a fundamental and jurisdictional act necessary as a basis for depriving the taxpayer of his property. In neither case would he receive that notice which has been held to be essential as a preliminary step in a course of proceedings which does or may lead to seizure or sale of his goods or lands.

That no such distinction has been observed in holding

assessments void because the taxpayer had not received notice thereof with an opportunity to object is evidenced directly and indirectly by many decisions. (*Jewell* v. *Van Steenburgh,* 58 N. Y. 85; *Merritt* v. *Village of Port Chester,* 71 N. Y. 309, 314; *Bruecher* v. *Village of Port Chester,* 101 N. Y. 240; *People* v. *Turner,* 117 N. Y. 227; *Ensign* v. *Barse,* 107 N. Y. 329; *Wheeler* v. *Mills,* 40 Barb. 644; *People ex rel. Central Stamping Co.* v. *Barker,* 86 Hun, 240; *Saranac Land & Timber Co.* v. *Roberts,* 125 App. Div. 333; affirmed, 195 N. Y. 303.)

I do not overlook the fact that the opinion in *People* v. *Turner* (*supra*) was somewhat criticised on a subsequent appeal in the same case (*People* v. *Turner,* 145 N. Y. 451), but I am not able to find in the opinion on such latter appeal any word which seems intended to overthrow the principle here being discussed and asserted.

With these decisions in mind we turn to the opinions written on appeals involving assessments similar to the present ones and wherefrom the respondent has drawn various expressions for the purpose of supporting its contention that the omission of the assessing board to give notice to the appellant did not make the assessment void but was only an irregularity which was cured by the statute of 1909 and that, therefore, this action cannot be maintained.

It is true that in the consideration of the first appeal the court in various sentences referred to the omission of the assessing board as an irregularity rather than as a failure to take a jurisdictional step. It must, however, be kept in mind that all of these appeals involved certiorari proceedings and that the question material to the disposition of the earlier ones was the one whether the assessments were irregular and if they were it was really unnecessary to consider whether they were void. On the later appeal, however (*People ex rel. Am. Ex. Nat. Bank* v. *Purdy,* 199 N. Y. 51), it became necessary to determine just what was the office and effect of the

remedial statute of 1909, and this necessarily involved a consideration of the nature of the trouble which it was intended to remedy, and in the discussion of these questions it seems to me that the court did indicate with all necessary plainness what was the character of the omission of the assessing board and what was its effect upon the attempted assessment.

It was said, "the specific question argued on this appeal is whether the statute (of 1909) was an ordinary curative one legalizing an assessment as of the date when it was originally laid, or whether it was one which in effect provided that when certain steps had been taken there should then, and for the first time by completion or re-assessment, be a valid enforceable assessment," and further, that "the statute under discussion was valid not as a curative one in the ordinary sense, validating a purported assessment as then existing by dispensing with some step theretofore required but *not jurisdictional*, but was valid as providing for taking *necessary and jurisdictional* steps at a later stage than usual in the assessment proceeding, and by which steps when taken there might be secured for the first time a completed and valid assessment," and that the original purported assessment had "been made the basis or starting point on or from which by prescribed additional and jurisdictional steps which we held valid there has been built up a completed assessment or re-assessment on or under which when so completed relator could be compelled to pay its taxes." (pp. 54, 55.)

It does not seem possible to add anything to what was then and thus said as expressive of our views that the omission of the assessors resulted in a failure to take a necessary and jurisdictional step and that the purported assessment as originally laid without taking this step was void and that a taxpayer paying taxes thereunder is entitled to recover the same. Neither do we regard it necessary to say more concerning the still later case of

*People ex rel. Merchants' Nat. Bank* v. *Purdy* (202 N. Y. 599), referred to by respondent, than that it did not lead to a consideration of the particular question now presented which was included in those expressly stated to have been disposed of in the last preceding appeal (199 N. Y. 51).

As already indicated I think the disposition of the foregoing question disposes of the argument that appellant should have sought relief by appearance before the board of taxes and assessments and if necessary by certiorari under the statute of 1909.

The provisions of said statute requiring that an opportunity be given to taxpayers to appear and be heard concerning their assessments, as has already been sufficiently indicated, were for the purpose of correcting the omission of the commissioners to afford this opportunity when the assessments were first laid, and of perfecting or completing the assessment by giving such an opportunity. In view of this general purpose of the statute it is clear that the opportunity thus to be afforded to taxpayers was to be heard in support of those objections to the proposed assessment, which would be ordinarily appropriate to grievance day and which would relate to the amount of the assessment, the liability of the taxpayer to be taxed, etc., and concerning which the appellant claims no grievance. It could not, of course, have been the purpose of this statute that a taxpayer should have the right to appear before the commissioners and demand that the original assessment, which was the very basis on which the statute operated, should be annulled because of those precise omissions which were being remedied when the taxpayer appeared before the board under the statute. It would be a futile interpretation of the law if we should thus hold that the legislature intended by the same statute which provided a cure for the vice in the assessment as originally laid also to provide that the assessors should hear complaints based on, and give relief because of, the very vice which was then being cured.

That this was not the intent is indicated by express provisions found in the statute as well as by its general scheme. Its first section contains the provision, "No irregularity heretofore existing in the said assessments of bank shares shall be lawful cause for relief by said board upon application made under this act or by the court in any proceeding or action heretofore or hereafter instituted." (L. 1909, ch. 74.) It is true that we held this provision to be unconstitutional in so far as it prohibited the courts from giving relief in actions or proceedings pending when the act was passed, but so far as it related to the duties and powers of the assessing board to consider the matters involved in this action it but emphasizes, as we view it, what even without it was the interpretation and purpose of the statute.

There remains to be considered a special objection to recovery of any amount paid under the assessment of 1904 on the ground that such recovery is barred by the Statute of Limitations, and which objection we regard as well made.

This action was commenced December 30, 1910. The appellant paid the taxes of 1904 by check. This check was delivered to the receiver of taxes December 29, 1904, and on said date entries were made on the books of said official showing payment of the taxes for that year. On the same date the check was indorsed by the city and deposited with the bank and credited to its bank account. This, of course, amounted to a transfer of the check. It was not presented to appellant's bank and charged against the account until the following day.

While it is true that ordinarily an obligor's indebtedness is not discharged by delivery of his naked obligation, this rule is rather for the benefit of the creditor than of the debtor, and we think that under the facts of this case where the former has been content to accept a check as payment of an indebtedness as of a certain date and this check has been transferred to another and has been

honored in due course, the drawer of the check cannot be heard to argue that the payment was not made as of the date when the check was delivered and accepted as payment.

In accordance with these views the judgment of the Appellate Division in so far as it reversed the judgment of the Trial Term allowing a recovery of interest on the amounts paid by the appellant for taxes in the years 1905–1907, both inclusive, and dismissed appellant's complaint should be reversed and the judgment of the Trial Term in respect of said payments be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDE-BACK, HOGAN and CARDOZO, JJ., concur.

Judgment accordingly.